# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4935 | **DATE** | 12/13/2000 |
| **CASE TITLE** | Grace Olech vs. Village of Willowbrook, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Plaintiff's motion for leave to file a second amended complaint [doc. # 49] is granted. Plaintiff shall file the second amended complaint on or before 12/22/00. Defendants shall file their answer to the second amended complaint on or before 01/12/01.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 14 2000 | |
| | Notified counsel by telephone. | date docketed | 54 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 DEC 13 PM 12:39 | 12/13/2000 date mailed notice |
| JJK courtroom deputy's initials | | Date/time received in central Clerk's Office | JJK mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GRACE OLECH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 97 C 4935 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| THE VILLAGE OF WILLOWBROOK, ) | |
| GARY PRETZER, and PHILLIP J. MODAFF, ) | |
| ) | |
| Defendants. ) | |

DEC 1 4 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff Grace Olech brings this action under 42 U.S.C. § 1983 against (1) the Village of Willowbrook and (2) Gary Pretzer and Phillip Modaff, individually and in their official capacities. The amended complaint alleges that the defendants violated Ms. Olech's rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. This matter is presently before the Court on Ms. Olech's motion for leave to file a second amended complaint (doc. # 49), which seeks to add the same equal protection claim under Section 1983 as asserted by Phyllis S. Zimmer, independent executor of the Estate of Thaddeus F. Olech, who was Ms. Olech's husband. For the reasons set forth below, the plaintiff's motion to amend is granted.[1]

### I.

The original complaint in this case was filed on July 11, 1997. On September 3, 1997, the defendants responded by moving to dismiss. In the face of that motion, on September 10, 1997, the district judge allowed plaintiff until October 8, 1997 to respond to the motion or to file an amended

---

[1] By consent of all parties (doc. ## 43, 44), pursuant to 28 U.S.C. § 636(c), this case has been reassigned to this Court to conduct all proceedings, and to enter final judgment (doc. # 46).

complaint. In compliance with that order, Ms. Olech filed her amended complaint on October 8, 1997.

In the original complaint, Ms. Olech alleged that in May 1995, she and her late husband made a written request to Defendant Village of Willowbrook to connect their property to the municipal water supply (Compl. ¶ 11). According to the complaint, in August 1995, the defendants conditioned that water connection on the Olechs agreeing to provide the Village with a 33-foot easement (*Id.* at ¶ 16). The complaint asserts that this condition was improper, because the Village previously had requested only 15-foot easements when extending the water supply to other residents (*Id.* at ¶¶ 18, 21-22). The complaint alleged that the Olechs refused to accede to the allegedly improper request for a 33-foot easement (*Id.* at ¶ 18), and because the defendants continued to insist on that easement, no progress was made on the extension of the water supply to the Olechs between August and November 10, 1995 (*Id.* at ¶ 20).

The complaint alleges that on or about November 10, 1995, defendants withdrew the demand for a 33-foot easement and agreed to proceed on the basis of the Olechs providing a 15-foot easement (*Id.* at ¶ 21). However, according to the complaint, as a result of the three-month delay, the Olechs were unable to connect to the water supply until March 1996 and thus were deprived of running water during the winter of 1995-96 (*Id.* at ¶¶ 23-24). The complaint alleges that the defendants' conduct caused "great inconvenience, humiliation, and mental and physical distress" to both Ms. Olech and her husband (*Id.* at ¶ 24).

Although the original complaint alleged that the defendants had violated the rights of both Ms. Olech and her husband, and asserted that the defendants had caused both of them to suffer injury, the original complaint asserted a Section 1983 claim only on behalf of Ms. Olech. The same

was true of the amended complaint filed on October 8, 1997, which did not change the allegations in any way that is material to this motion.[2]

Mr. Olech passed away prior to the filing of the original complaint (although the papers do not disclose exactly when his death occurred). There appears to be no dispute that as of the date of the amended complaint, Mr. Olech's estate lacked an appointed representative, and thus could not have been named as a party plaintiff (Pl.'s Mot., ¶ 11). However, on October 9, 1997, the day after the amended complaint was filed, Ms. Zimmer was appointed as executor of Mr. Olech's estate. Ms. Olech did not seek an extension of time to file the amended complaint (so that it would not have to be filed until a representative had been appointed for Mr. Olech's estate). Likewise, immediately after Ms. Zimmer was appointed as executor, no motion was filed seeking to add her as a party plaintiff.

On October 28, 1997, defendants filed a motion to dismiss the amended complaint. On April 13, 1998, the district court granted the motion to dismiss. *See Olech v. Village of Willowbrook, et al.*, 97 C 4935, 1998 WL 196455, at *3 (N.D. Ill. 1998). During the pendency of that motion, Ms. Olech did not seek leave to amend to add Ms. Zimmer as a party plaintiff.

Ms. Olech successfully appealed the district court's dismissal of the amended complaint. *Olech v. Village of Willowbrook*, 160 F.3d 386, 388-89 (7th Cir. 1998). After the Seventh Circuit's reversal of the dismissal of the amended complaint, the case was returned to district court. While on remand, some status conferences were held and the defendants answered the amended complaint and

---

[2] The amended complaint added allegations charging a specific motive for defendants' actions: ill will allegedly generated by a separate lawsuit against the Village of Willowbrook initiated by Ms. Olech, Mr. Olech and others in 1989, which was still pending at the time of the events giving rise to this action (*e.g.*, Am. Compl. ¶¶ 7-12). However, the amended complaint alleged that this ill will extended both to Ms. and Mr. Olech, motivated the defendants' actions as to both of them (*Id.*, at ¶¶ 25-28) and caused harm to both of them (*Id.*, at ¶¶ 33-35).

moved to strike certain allegations and the prayer for punitive damages (doc. ## 34, 36). In the meantime, the defendants also petitioned the United States Supreme Court for review of the Seventh Circuit decision, which the Supreme Court granted. On November 4, 1999, the district court declared all pending motions moot and dismissed the case with leave to reinstate after the Supreme Court decision (doc. # 39). The Supreme Court affirmed the Seventh Circuit's ruling. *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). Thereafter, on March 21, 2000, the case was reinstated in the district court (doc. # 41). Since that time, the parties have explored settlement, but no substantive proceedings have taken place in the case.

## II.

Federal Rule of Civil Procedure 15(a) provides that where, as here, an answer to the complaint has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision as to whether to grant leave to amend a complaint under Rule 15 falls within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). But that discretion must be exercised keeping in mind that the mandate to freely permit amendments "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Gregg Communications Systems, Inc. v. American Telephone and Telegraph Co.*, 98 F.R.D. 715, 720 (N.D. Ill. 1983); *see also Schiavone v. Fortune*, 477 U.S. 21, 27 (1986) ("the spirit and inclination" of the rules favors decisions on the merits, and "reject[s] an approach that pleading is a game of skill in which one misstep may be decisive"); *Foman*, 371 U.S. at 181 (decisions on the merits are not to be avoided on the basis of

4

"mere technicalities"); WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1471, at 505-06 (2d Ed. 1990) ("the Rule's purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities").

The Supreme Court has identified the kinds of circumstances that can warrant denial of leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182; *see also Johnson v. Methodist Medical Center of Illinois*, 10 F.3d 1300, 1303 (7th Cir. 1993). Here, the defendants argue that an amendment to permit Ms. Zimmer (on behalf of the estate of Mr. Olech) to be added as a party plaintiff would be futile, because any claim asserted by Mr. Olech's estate is time barred (Defs.' Mem. at 6). And, indeed, there is no dispute that a two-year statute of limitations applies in this case. *See Williams v. Heavener*, 217 F.3d 529, 531 (7th Cir. 2000) (Illinois' two-year personal injury statute of limitations applies to claims brought under Section 1983). Under that statute of limitations, a claim on behalf of the Olech Estate would be untimely if filed after March 1998.

However, Ms. Olech argues that Ms. Zimmer's claim on behalf of the Olech Estate is not time barred because, pursuant to Fed. R. Civ. P. 15(c), the second amended complaint containing the claim asserted by Ms. Zimmer would relate back to July 11, 1997, the date of the original complaint (Pl.'s Reply at 1-7). Defendants counter that the addition of a claim by a new party plaintiff will relate back only if that party was absent from the original pleading because of mistake, and that the failure of Ms. Zimmer to bring the claim of the Olech Estate sooner was not due to mistake (Defs.' Resp. 2-5). The parties dispute both the applicable standard to be used in

5

determining whether the proposed claim by Ms. Zimmer would relate back, and whether the proposed claim satisfies the applicable standard. We therefore address each of those questions in turn.

### A.

Rule 15(c) permits a plaintiff to amend the pleadings to add a claim involving an existing party or a new party that, if filed as an entirely new lawsuit, would be barred by the statute of limitations. *Jones v. Wysinger*, 815 F.Supp. 1127, 1129 (N.D. Ill. 1993). Rule 15(c) provides as follows:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by the amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

As is generally the case with amendments to the pleadings under Rule 15, the "relation back" doctrine set forth in Rule 15(c) is to be liberally applied. *See, e.g., Staren v. American Nat'l Bank and Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976) (noting that amendments under Rule 15(c) should be freely allowed); *Pucci v. Litwin*, 828 F.Supp. 1285, 1296 (N.D. Ill. 1993) (Rule 15(c) is to be liberally construed). Rule 15(c) and its relation back doctrine are "intimately connected"

6

with the policy underlying the statute of limitations. *Paulk v. Department of Air Force, Chanute Air Force Base*, 830 F.2d 79, 82 (7th Cir. 1987) (*quoting* Advisory Committee Notes to the 1963 Amendment to Rule 15). The relation back doctrine seeks to balance the policy of facilitating resolution of claims on the merits, which is effectuated by liberally permitting amendment of pleadings, and the policy underlying statutes of limitations – to guarantee "essential fairness" to defendants by ensuring that they receive notice of claims within a reasonable time, and thus are not impaired in their defense by evidence that is lost or diminished in its clarity because of the undue passage of time. *See U.S. ex rel. Koch v. Koch Industries, Inc.*, 188 F.R.D. 617, 628 (N.D. Okla. 1999).

When a proposed amendment would add a new defendant, Rule 15(c)(3) seeks to strike this balance by imposing three requirements. *First*, Rule 15 requires that the claim being asserted against the new defendant arise out of the "conduct, transaction, or occurrence" set forth in the original pleading. *Second*, Rule 15 requires that the new defendant received timely notice of the claims in the original pleading, so that the defendant is not prejudiced in maintaining a defense. *Third*, Rule 15 requires that the new defendant knew or should have known that it would have been named in the original pleading "but for a mistake concerning the identity of the proper party." The "mistake" requirement is designed to prevent a potential defendant from seeking refuge in a statute of limitations, when that defendant should know that it escaped being named in the suit in the first place only by mistake. *See Wells v. HBO & Co.*, 813 F. Supp. 1561, 1567 (N.D. Ga. 1992).

However, the express terms of Rule 15(c)(3) do not speak to the situation presented here: that is, an attempt to add a new party plaintiff to assert a claim against the existing defendants. The advisory committee notes indicate that this omission was purposeful: "[t]he relation back of

7

amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier." Advisory Committee Notes to 1963 Amendment. The notes provide some guidance on how Rule 15(c) is to be applied to the addition of new plaintiffs: "the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."

Despite this guidance, courts have been divided on precisely how to apply the "attitude" of Rule 15(c) to motions to add plaintiffs to the case. Some courts apply all of the literal requirements of Rule 15(c), and thus require that the plaintiff show that the failure to add the new party plaintiff earlier was due to a "mistake" in order for the amendment to relate back. *See Levy v. U. S. General Accounting Office*, No. 97 Civ. 4016, 4488, 1998 WL 193191 (S.D.N.Y. Apr. 22, 1998), *aff'd*, 175 F.3d 254 (2nd Cir. 1999); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1013-1015 (3rd Cir. 1995). However, other courts – both within this Circuit and elsewhere – dispense with examination of each of the literal requirements of Rule 15(c), and instead focus on the questions of fair notice and absence of undue prejudice. *See, e.g., Paskuly v. Marshall Field & Co.*, 494 F. Supp. 687, 688-89 (N.D. Ill. 1980), *aff'd*, 646 F.2d 1210 (7th Cir.), *cert. denied*, 454 U.S. 863 (1981); *Sherwin Manor Nursing Center, Inc. v. Mcauliffe*, No. 92 C 6659, 1997 WL 367368, at *6 (N.D. Ill. June 25, 1997) (drawing from *Williams v. United States*, 405 F.2d 234 (5th Cir. 1968)); *U.S. for the use of Mohr v. J. Pease Construction Co.*, No. 92 C 8342, 1994 WL 499137, at *2-5 (N.D. Ill. Aug. 29, 1994); *Hockett v. American Airlines*, 357 F. Supp. 1343, 1347-1348 (N.D. Ill. 1973)(discussing relation back in dictum); *see also In Re RDM Sports Group, Inc*, 253 B.R. 298, 303-305 (N.D. Ga. 2000); *Tessier v. Moffatt*, 93 F. Supp. 2d 729, 736-737 (E.D. La. 1998); *Creppel v. United States*, 33 Fed.

Cl. 590, 594 (Ct. Cl. 1995); *Fleck v. Cablevision VII, Inc.*, 799 F. Supp. 187, 191-192 (D.D.C. 1992); *Garr v. Clayville*, 71 F.R.D. 553, 556 (D. Del. 1976).

For example, in *Paskuly*, the plaintiff initially had filed an individual suit alleging sex discrimination. More than one year later, the plaintiff sought to add as party plaintiffs a class of all similarly situated female employees of the defendant. The district court allowed the plaintiff to amend the complaint, rejecting defendant's argument that the amendment was barred by the statute of limitations. The district court explained that under Rule 15(c), "[t]he central underlying question which a court must decide when determining whether a claim asserted by a new plaintiff shall relate back to the time of the original plaintiff's claim is whether the defendant had such notice of the added claim at the time the action was commenced that relation back of the added claim will not cause defendant undue prejudice." *Paskuly*, 494 F. Supp. at 688. The district court found that standard was met, "since the claims of the class which plaintiff seeks to bring into this action are alleged to arise from the same employment practices from which plaintiff's claim allegedly arises, . . ." *Id.*

On review, the Seventh Circuit affirmed. Like the district court, the court of appeals held that the amended pleading related back because "plaintiff alleges that the claims of the class arose from the same employment practices from which her individual claim arose." *Paskuly*, 646 F.2d at 1211. The Seventh Circuit stated that the original allegations placed the defendant "on notice that it might be required to defend its employment practices from charges of class-based discrimination."

9

*Id.* Thus, the appeals court held that "the district court's finding that the defendant was not prejudiced by plaintiff's amendment was not clearly erroneous." *Id.*[3]

The *Paskuly* decisions in the district court and the court of appeals, like other cases from this district, do not impose or even discuss the "mistake" requirement in Rule 15(c) when addressing the question of adding a new plaintiff.[4] And with good reason. The advisory committee notes counsel that when the question is adding a party plaintiff rather than a party defendant, it is not the explicit requirements of Rule 15(c) that govern but rather the "attitude" of Rule 15(c). And the attitude that animates the rule is to liberally permit amendment of pleadings in order to facilitate decisions on the merits, so long as that can be done without sacrificing "essential fairness" to defendants. When the complaint timely notifies a defendant of conduct that might result in like claims by other persons not yet joined as plaintiffs, the defendant has the opportunity to prepare a defense and thus is not prejudiced by the addition of a new plaintiff asserting a claim arising out of the same conduct originally alleged. *See* WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1501 at 154-55 (2d ed. 1990).

---

[3] Defendants argue that *Paskuly* is distinguishable because that case involved a class action (Defs.' Resp. 4-5). We disagree. In *Paskuly*, the court was not confronted with a case in which where the original complaint alleged a class, and the amendment sought to further refine or define it. Rather, the original complaint alleged a single plaintiff, non-class case. The fact that the subsequent amendment sought to add not just one plaintiff, but a host of plaintiffs in a class pleading, is irrelevant to the question of whether the mistake requirement applies to the addition of party plaintiffs.

[4] Defendants note that there is no shortage of Seventh Circuit case law rigorously applying the "mistake" requirement under Rule 15(c). *See* Defs.' Resp. at 3-4 (*citing Baskin v. City of Des Plaines*, 138 F.3d 701 (7th Cir. 1998); *Worthington v. Wilson*, 8 F.3d 1253 (7th Cir. 1993); *Hill v. Shelander*, 924 F.2d 1370 (7th Cir. 1991); *Norton v. International Harvester Co.*, 627 F.2d 18 (7th Cir. 1980); *Wood v. Worachek*, 618 F.2d 1225 (7th Cir. 1980); *Havoco of America, Ltd. v. Hilco, Inc.*, 750 F. Supp. 946 (N.D. Ill. 1990), *aff'd*, 971 F.2d 1332 (7th Cir. 1992)). That observation is true, but irrelevant. Those cases all address the question of whether an amendment by an existing plaintiff adding a claim against a new (or misidentified) defendant relates back under Rule 15(c), and thus do not answer the different question presented here and addressed by *Paskuly*: under what circumstances an amendment asserting a claim by a new plaintiff against an existing defendant will relate back.

In the context of a request to add a defendant, the mistake requirement helps ensure that the newly added party – who was not originally a defendant in the case – in fact had timely notice that it was the real target of the allegations. If the newly added party was aware all along that it would have been named in the original complaint but for a mistake, then it is fair to say that the newly added party had a real opportunity (and reason) to begin a defense even though not originally named in the lawsuit.

By contrast, mechanically applying the mistake requirement to the addition of a new plaintiff would make little sense. When the amendment seeks to add a plaintiff asserting claims against a defendant who has been in the case from the start, the concern is not about the fairness of belatedly dragging into the case an unwitting defendant after the statute of limitations has expired. Instead, the concern is whether the new claim is one that the existing defendant had fair notice someday might be added to the case. And, as the *Paskuly* decisions recognize, in the context of adding a new plaintiff, the safeguards of fair notice and lack of prejudice are served by ensuring that the original pleading alerts the defendant to the possibility that other plaintiffs might assert claims arising from the same conduct. As the Seventh Circuit has observed, "[t]he very purpose underlying the relation back doctrine is to permit amendments to pleadings when the limitations period has expired, so long as the opposing party is not unduly surprised or prejudiced." *Hill v. Shelander*, 924 F.2d 1370, 1377 (7th Cir. 1991); *see also Schiavone*. 477 U.S. at 31 ("The linchpin [of Rule 15(c)] is notice, . . ."). Imposing a mistake requirement would serve no substantive purpose, but only would erect a needless barrier to adjudication of claims on the merits, contrary to the "spirit and inclination" of Rule 15. *Schiavone*, 477 U.S. at 27.

In reaching this conclusion, the Court has considered the analysis employed by cases such as *Levy* and *Nelson*, which apply the mistake requirement to the addition of new plaintiffs. With respect, the Court disagrees with that analysis. At the threshold, neither of those cases explains why the mistake requirement applies to motions to add new plaintiffs, given that the advisory committee notes instruct that it is the "attitude" of Rule 15(c) that governs amendments changing plaintiffs – not the literal text of the rule. Moreover, those cases tend to focus on the reasons for the tardiness of the new plaintiff's entry into the case. *Levy*, 1998 WL 193191, at *6 ("Rule 15(c) does not exist merely to keep the door open for any tardy plaintiff of whom a defendant may be aware"); *Nelson*, 60 F.3d at 1014 (stating that Rule 15(c) requires a plaintiff to show both lack of prejudice to defendants and "that plaintiffs have not slept on their rights"). The temptation to focus on the reasons for a plaintiff's delay is understandable and, as we explain below, the reasons that Ms. Zimmer offers for her delay in attempting to join this case are less than satisfying. But the Court believes that a focus on the plaintiff's motivations is not the focus mandated by Rule 15(c), which seeks not to punish a plaintiff for his or her tardiness but instead seeks to ensure that adding a party plaintiff after the expiration of the statute of limitations does not violate essential fairness to the defendants already in the case. The reasons for the delay in adding the plaintiff are immaterial to that inquiry. As this Circuit has recognized in *Paskuly*, the fundamental purpose of Rule 15(c) is served by focusing on the questions of notice and absence of prejudice to the defendants. Accordingly, that is the path we will follow in determining whether the plaintiff's proposed amendment here will relate back to the date of the original complaint.

**B.**

In determining whether the addition of claims by new plaintiffs will relate back, some courts within this district have applied a four-factor inquiry to determine whether the Rule 15(c) requirements of fair notice and lack of prejudice have been met. These factors include whether or not (1) the new plaintiff's claim arose out of the "same conduct, transaction or occurrence" set forth in the original complaint; (2) the new plaintiff shares an "identity of interest" with the original plaintiff; (3) the defendants have "fair notice" of the new plaintiff's claim; and (4) the addition of the new plaintiff causes the defendants prejudice. *See Sherwin Manor*, 1997 WL 367368, at *6 (*citing Williams v. United States*, 405. F.2d 234 (5th Cir. 1968)); *J. Pease Construction*, 1994 WL 499137, at *2-5. While recognizing that there is some overlap in these factors, *Sherwin Manor*, 1997 WL 367368, at *6, we will separately consider each of those factors here.

**1. Same Conduct, Transaction or Occurrence.**

A new plaintiff's claim may relate back to the original date of filing only if the claim arises out of the same transaction, conduct or occurrence alleged in the original complaint. *Sherwin Manor*, 1997 WL 367368, at *6 (citations omitted). There is no question that the Estate's claim that Ms. Zimmer seeks to pursue here satisfies that requirement. The original complaint is replete with allegations of conduct by and toward both Ms. Olech and Mr. Olech (*e.g.*, Compl. ¶¶ 7, -11, 13-15, 17-18, 21-23), and that complaint specifically alleged that the defendants' actions caused both Mr. and Ms. Olech to suffer "great inconvenience, humiliation, and mental and physical distress" (*Id.*, at ¶ 24). The basis of the Estate's claim that Ms. Zimmer seeks to assert arises from the same "core facts" as the claims asserted in the original complaint, *see Bularz v. Prudential Ins. Co. of America*,

93 F.3d 372, 379 (7th Cir. 1996), and that claim thus arises out of the same conduct, transaction or occurrence alleged in that complaint.

2. **Identity of Interest.**

Parties share an identity of interest when there is a relationship so close that a court can conclude that a defendant had notice of a new party's potential claims and thus would not suffer any prejudice by the party's addition. *See Sherwin Manor*, 1997 WL 367368, at *6; *see also Creppel*, 33 Fed. Cl. at 596 (noting that an intimate legal relationship between the new plaintiff and the original plaintiff provides sufficient notice to the defendants). In the present case, the relationship between Ms. Olech and her late husband was of such an intimate legal nature that the two parties share an "identity of interest:" they were spouses, they were joint owners of the property for which the water service was sought, and they allegedly suffered precisely the same types of harm. Thus, for purposes of the Rule 15(c) analysis, their claims satisfy the "identity of interest" test.[5]

3. **Fair Notice.**

Perhaps the most essential factor in this balancing test is fair notice. *See Fleck*, 799 F. Supp. at 191 (the critical question is whether party had fair notice). Consequently, an amended complaint will not relate back unless the original complaint provided the defendant with fair and timely notice that it might have to defend a claim brought by the new plaintiff. *Sherwin Manor*, 1997 WL 367368, at *7; *see also Paskuly*, 646 F. 2d at 1211 (allowing claims by newly-added plaintiffs related back

---

[5] This is not a case such as *Anderson v. City of Wood Dale, Illinois*, No. 93 C 425, 1995 WL 106318, at *3 (N.D. Ill. Mar. 9, 1995), in which the new plaintiffs sought to assert claims based on different dates, lengths and terms of employment. Those differences persuaded the district court that the new parties did not share an identity of interest with the new parties who sought to enter the case. Here, the alleged conduct by and toward Ms. Olech and her husband are identical, as are the types of injury they allegedly suffered.

14

where the original allegations placed the defendant "on notice that it might be required to defend its employment practices from charges of class-based discrimination").

In *Sherwyn Manor*, District (now Circuit) Judge Williams catalogued a number of factors that can show fair notice has been given to the defendant:

> A defendant has fair notice when the new plaintiff's cause of action arises from the same "conduct, transaction or occurrence" as the original claim. . . . Furthermore, the defendant has fair notice if the amended complaint does not alter the known facts and issues of the original complaint. . . . Other courts find reasonable notice where the additional plaintiff's claims are "based on the same facts and legal theories as those alleged in the original complaint". . . . Courts routinely allow the addition of parties where they were indirectly a part of the original complaint. . . .

1997 WL 367368, at * 7 (citations omitted). In this case, a number of those factors are met. As explained above, the Estate's claim that Ms. Zimmer seeks to assert arises from the same conduct, transaction or occurrence as plead in the original complaint. In addition, Ms. Zimmer's claim would not alter the facts and issues originally raised, but instead is based on the same facts and theories originally plead.[6] And, Mr. Olech certainly was a part of the original complaint, in the sense that the complaint plainly disclosed that he allegedly was harmed by the same conduct of defendants that Ms. Olech challenged. In these circumstances, we find that the defendants had fair notice of the Olech Estate's potential claim.

### 4. Undue Prejudice.

Undue prejudice to the opposing party can bar an amended complaint from relating back to the original pleading. The addition of a new party plaintiff can cause undue prejudice if relevant evidence has been lost or compromised due to the passage of time, or where the proposed

---

[6] Again, this is in contrast to *Anderson*, in which the claims that the new plaintiffs sought to assert were based on different factual circumstances than alleged in the original complaint.

15

amendment does not afford defendant adequate time for discovery. *Sherwin Manor*, 1997 WL 367368, at *8. Defendants do not, and cannot, allege any such prejudice here from adding Ms. Zimmer as a plaintiff asserting a claim on behalf of Mr. Olech's estate. Mr. Olech already was deceased when the case originally was filed, and defendants point to no way in which their ability to defend the Estate's claim has been compromised by Ms. Zimmer's delay in asserting it. Discovery is still in the early stages, and in any event, the addition of Ms. Zimmer as a party plaintiff will not materially alter the discovery required in the case. And, while the addition of Ms. Zimmer's claim would increase the defendants' potential liability in the case, as there would be two plaintiffs seeking damages rather than one, an increase in potential liability is not a sufficient reason to deny relation back for a claim. *Anderson v. City of Wood Dale, Illinois*, No. 93 C 425, 1995 WL 106318, at *3 (*citing Gregg Communications Systems, Inc.*, 98 F.R.D. at 722).

Although defendants identify no type of undue prejudice, they protest that the claim by Ms. Zimmer should not relate back because no explanation has been offered for the failure to file the claim within the applicable statute of limitations period (Defs.' Resp. at 6-7). To be fair, plaintiff does offer an explanation: there was no representative available to file suit for Mr. Olech's estate when the original and amended complaints were filed, and then there was an extended period of time when the case was pending in the Seventh Circuit and the United States Supreme Court that caused further delay (Pl.'s Mot. at 3-4; Pl.'s Reply at 7-8). But this explanation does not account for the failure of plaintiff to seek a short extension of time to file the first amended complaint so that the claim of the Estate could be added; after all, the first amended complaint was filed on October 8, 1997, and Ms. Zimmer was appointed representative of the Estate the next day. Nor does this explanation account for the failure of Ms. Zimmer to seek to join this case and assert the Estate's

claim during the five months between October 9, 1997, when she became the representative, and March 1998, when the statute of limitations ran on the Estate's claim.

While the lack of a convincing explanation for plaintiff's delay is troubling, we do not find it a sufficient basis to deny relation back of Ms. Zimmer's claim. *Sherwin Manor*, 1997 WL 367368, at *8 n.6; *Fleck*, 799 F. Supp. at 192 n.4 (*citing Securities and Exchange Commission v. National Student Marketing Corp.*, 73 F.R.D. 444, 447 (D.D.C. 1997)). As we have explained, when a plaintiff belatedly seeks to join the suit, the fundamental question is not why the plaintiff failed to act sooner, but rather whether the late addition to the case comes without fair notice to the defendants and would cause undue prejudice. Here, because there has been fair notice to the defendants and the addition of Ms. Zimmer's claim would not result in undue prejudice, the Court will allow the claim Ms. Zimmer seeks to assert on behalf of Mr. Olech's Estate to relate back to the filing of the original complaint by operation of Rule 15(c). As a result, defendants' futility argument fails, and the Court exercises its discretion to allow plaintiff to amend the complaint to allow Ms. Zimmer to assert that claim.

## CONCLUSION

For all the foregoing reasons, plaintiff's motion for leave to file a second amended complaint (doc. # 49) is granted. Plaintiff is given leave to file the proposed second amended complaint that is attached as Exhibit C to her motion. Plaintiff shall file that second amended complaint on or before December 22, 2000. The defendants shall file their answer to the second amended complaint on or before January 12, 2001.

**ENTER:**

_/s/ Sidney I. Schenkier_
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: December 13, 2000**