IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
2002 JUN -6 AM 9: 35
U.S. DISTRICT COURT

GRACE OLECH, and PHYLLIS S. )
ZIMMER, as Independent )
Executor of the Estate of )
Thaddeus F. Olech, Decedent, )
)
    Plaintiffs, )
)
    -vs- )
) No. 97 C 4935
VILLAGE OF WILLOWBROOK, an )
Illinois municipal corporation, ) Magistrate Judge Schenkier
GARY PRETZER, individually and )
as President of Defendant )
VILLAGE OF WILLOWBROOK, and )
PHILIP J. MODAFF, individually )
and as Director of Public )
Services of Defendant VILLAGE )
OF WILLOWBROOK, )
)
    Defendants. )

DOCKETED
JUN 07 2002

PLAINTIFFS' MOTION FOR
RECONSIDERATION WITH RESPECT TO CERTAIN
FACTS DEEMED ESTABLISHED UNDER FED.R.CIV.P. 56(d)

NOW COME the Plaintiffs, GRACE OLECH, and PHYLLIS S. ZIMMER, as Independent Executor of the Estate of Thaddeus F. Olech, Decedent, by and through their attorney, JOHN R. WIMMER, and move this Court for reconsideration with respect to certain facts deemed established pursuant to Fed.R.Civ.P. 56(d) as hereinafter stated, and, in support of said motion, allege and state as follows:

1. That on May 23, 2002, this Court entered a Memorandum Opinion And Order which denied the Defendants' motion for summary judgment.

2. That said Memorandum Opinion And Order states, "The facts set forth in Section II of this opinion are without substantial controversy, and thus shall be deemed established for purposes of



trial. Fed.R.Civ.P. 56(d)." (Memorandum Opinion And Order, p. 46.)

3. That there are three statements of fact set forth in Section II of the Memorandum Opinion And Order which the Plaintiffs believe are and were disputed, and are not without substantial controversy, and the controversy concerning which may have been overlooked or misapprehended by this Court.

4. That, more specifically, with regard to Mr. Gorski's letter of November 10, 1995, to Mr. Wimmer, the Memorandum Opinion And Order stated:

> "In his letter, Mr. Gorski stated that the Village was `moving off of the policy of asking for . . . dedication and adopting the unique standard applicable to this request or this situation' and that the proposal was `consistent with Village policy regarding all other property in the Village' (DSOF [par.] 184; PRF [par.] 184)."

(Memorandum Opinion And Order, p. 24.)

5. That, in fact, although the letter did state that the proposal was "consistent with Village policy regarding all other property in the Village," the letter did not state that the Village was "moving off of the policy of asking for . . . dedication and adopting the unique standard applicable to this request or this situation." Defendants' Paragraph 184 of Defendants' Statement of Facts ("DSOF"), which was the source of the latter quote, stated that in the letter "Mr. Gorski *intended to relate* [not that he did relate] that the village was `moving off of the policy of asking for that dedication and adopting the unique standard applicable to this request or this situation.'" (Emphasis added.) In the Plaintiffs' Responsive Facts ("PRF"), the Plaintiffs denied Defendants' Paragraph 184 and, in support of the denial, cited the

- 2 -

letter itself. (Pl. Ex. 25). (PRF, par. 184) The Plaintiffs stated:

> "The jury is entitled to believe that what Gorski intended to relate in the November 10, 1995, letter to Mr. Wimmer was what he said in the letter, and not Gorski's subsequent unbelievable explanation that he did not intend what he said. Gorski's letter did not state that the village had a 'policy' of asking for dedication. (Pl. Ex. 25) Concerning the fifteen foot easement, and the temporary construction easement of five feet on each side, Gorski wrote, 'This is consistent with Village policy regarding all other property in the Village.' (Pl. Ex. 25) What is consistent with 'all other property in the Village' is not a unique standard applicable to this situation."

(PRF, par. 184)

6. That, with regard to the letter to the Plaintiffs dated October 3, 1995, the Memorandum Opinion And Order stated that "Mr. Gorski told the plaintiffs that the Village was determined to maintain its position regarding the proposed easement, and asked the plaintiffs to reconsider the 33-foot dedication (DSOF [par.] 151; Def.'s Ex. D, pp. 112-13)." Memorandum Opinion And Order, p. 21.)

7. That, as stated by the Plaintiffs in Paragraph 151 of PRF, "the village's position in the letter of October 3, 1995, which Gorski advised Modaff to maintain did not set forth the dimensions in feet of the easement requested by the village, i.e., it did not state that the village was requiring a 33-foot easment. (Pl. Ex. 14, pp. 106-107; Pl. Ex. 35)" In addition, the letter, which was Plaintiff's Exhibit 35, was written by Mr. Modaff, not Mr. Gorski.

8. That, with regard to the Arabian Knights Horse Farm, this Court's Memorandum Opinion And Order stated in footnote 15 that "[e]arlier in September 1995, the Village asked Michael Vena, the

property owner of the Horse Farm, for a 33-foot dedicated right-of-way as a condition for issuing the necessary permits for a sanitary sewer extension project that Mr. Vena needed to construct public restrooms on his property (DSOF [par.] 125)." (Memorandum Opinion And Order, p. 20.)

9. That, in fact, although it is undisputed that the Village asked Michael Vena, the property owner of the Horse Farm, for a 33-foot dedicated right-of-way, and that Mr. Vena dedicated the 33-foot strip of land, the Plaintiffs vigorously disputed the allegation that the request was ever made a condition of any permit. As noted by the Plaintiffs in their response to Defendants' Paragraph 104, which was incorporated by reference in the Plaintiffs' response to Defendants' Paragraph 125, "Fay testified that, if the dedication was made a condition of the issuance of a permit, that would have been communicated to the owner in writing. (Pl. Ex. 11, p. 81)" As noted by the Plaintiffs in their response to Defendants' Paragraph 104, "Vena stated that he did not think Willowbrook ever stated to him in writing that the dedication of Tennessee Avenue was a condition of a permit. (Pl. Ex. 27, pp. 20-21)" As noted by the Plaintiffs in their response to Defendants' Paragraph 104, "Fay testified that there was no written communication to the owner of the Horse Farm which indicated that dedication of Tennessee Avenue was a condition of any permit. (Pl. Ex. 12, pp. 25-26)" As noted by Plaintiff's in their response to Defendants' Paragraph 104, Fay first testified that dedication was "made a condition of the permit of a sanitary sewer extension needed by the Horse Farm (Pl. Ex. 11, p. 76)," and then, at a subsequent deposition, "testified that there was no

- 4 -

permit issued by Willowbrook for the sanitary sewer extension for the Horse Farm. (Pl.Ex. 12, p. 7)" As noted by Plaintiffs in their response Defendants' Paragraph 104, Fay then "stated that the dedication of Tennessee Avenue was made a condition of the issuance of the occupancy permit . . . (Pl. Ex. 12, pp. 6-7)," but that "there was nothing on the occupancy permit itself which indicated that dedication of Tennessee Avenue was a condition thereof (Pl. Ex. 12, p. 18)," and that "the owner of the Horse Farm had already executed the plat of dedication of Tennessee Avenue before he even applied for the occupancy permit. (Pl. Ex. 12, pp. 35-38)" The Plaintiffs pointed out other facts in their response to Defendants' Paragraph 104 to dispute the notion that the dedication by Vena was made a condition by Willowbrook of the issuance of a permit, and, in this regard, the Plaintiffs incorporate herein by reference their entire response to that paragraph.

WHEREFORE, for the above and foregoing reasons, the Plaintiffs, GRACE OLECH, and PHYLLIS S. ZIMMER, as Independent Executor of the Estate of Thaddeus F. Olech, Decedent, respectfully request this Court to reconsider with respect to the statements of fact set forth in paragraphs 4, 6, and 8 of this motion, to allow the Plaintiffs to offer evidence at the trial to controvert those alleged facts, and to grant the Plaintiffs, and each of them, such other and further relief as is proper and just in the premises.

Respectfully submitted,

JOHN R. WIMMER
Attorney at Law
928 Warren Avenue
Downers Grove, Illinois  60515
(630) 810-0005
Attorney No. 03125600

Attorney for the Plaintiffs

- 5 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GRACE OLECH, et al.,
**PLAINTIFF**

CASE NO. 97 C 4935

VS.

JUDGE Schenkier

VILLAGE OF WILLOWBROOK, et al.
**DEFENDANT**

## PROOF OF SERVICE

TO: Mr. James L. DeAno
NORTON, MANCINI, WEILER & DeANO
109 North Hale
Wheaton, IL 60187

TO: _____

TO: _____

Plaintiffs' attorney

I, the undersigned (plaintiff / defendant), certify that on the 6th day of June, 2002, I served a copy of this notice to Plaintiffs' Motion For Reconsideration With* to each person whom it is directed by way of personal delivery.

Name: JOHN R. WIMMER
Address: 928 Warren Ave.
City/Zip: Downers Grove, IL 60515
Telephone: (630) 810·0005

*Respect To Certain Facts Deemed Established Under Fed.R.Civ.P. 56(d) to

_John R. Wimmer_
SIGNATURE / CERTIFICATION

6-6-02
DATE

CREATED ON 2/22/02