IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRACE OLECH, and PHYLLIS S. ZIMMER, as Independent Executor of the Estate of Thaddeus F. Olech, Decedent,<br><br>Plaintiffs,<br><br>-vs-<br><br>VILLAGE OF WILLOWBROOK, an Illinois municipal corporation, GARY PRETZER, individually and as President of Defendant VILLAGE OF WILLOWBROOK, and PHILIP J. MODAFF, individually and as Director of Public Services of Defendant VILLAGE OF WILLOWBROOK,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 97 C 4935<br><br>Magistrate Judge Schenkier |

DOCKETED AUG 3 0 2002

FILED AUG 2 9 2002
MAGISTRATE JUDGE SIDNEY I. SCHENKIER
UNITED STATES DISTRICT COURT

PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT
PLAINTIFFS' ANSWERS TO INTERROGATORIES BY
IDENTIFYING KRISTIN ZIMMER AND BRADLEY
ZIMMER AS WITNESSES, TO ALLOW THEM TO BE
IDENTIFIED AS WITNESSES ON THE PRETRIAL ORDER,
AND TO ALLOW DEFENDANTS TO TAKE THEIR DEPOSITION

NOW COME the Plaintiffs, GRACE OLECH, and PHYLLIS S. ZIMMER, as Independent Executor of the Estate of Thaddeus F. Olech, Decedent, by and through their attorney, JOHN R. WIMMER, and move this Court to enter an order granting the Plaintiffs leave to supplement the Plaintiffs' answers to interrogatories by identifying Kristin Zimmer and Bradley Zimmer as witnesses, to allow them to be identified on the Pretrial Order as witnesses, and to allow the Defendants to take their depositions, and, in support of said motion, allege and state as follows:

    1. That this case is set for trial on October 28, 2002.

    2. That there is a dispute of fact in this case with regard

84

to when the Plaintiffs contacted Defendant Modaff to inform him that the Olech well had broken down, and Modaff came out to the Olech house, *i.e.*, the Plaintiffs maintain that those occurrences took place on May 23, 1995, and the Defendants maintain that those occurrences took place on June 20, 1995.

3. That said dispute of fact may well be significant to the jury because if the events occurred earlier, it is more likely that Defendants Modaff and the others were "dragging their feet" as Olech suspected that they would do.

4. That, in connection with the preparation of the Pretrial Order for this case, in which all witnesses who will testify at trial must be listed, it occurred to the Plaintiffs that Phyllis Zimmer's children, who lived with the Zimmers at the time of the events in question, might be able to shed some light on this dispute even though they were not present when the Plaintiffs contacted Defendant Modaff or when he came out to the Olech house.

5. That the Plaintiffs contacted their children, who no longer live at home, and both children, Kristin Zimmer and Bradley Zimmer, recalled that they were still in school when the Olechs' well broke down, which would indicate that the Olechs' well broke down on May 23, 1995, and not June 20, 1995.

6. That in the interest of justice, the Plaintiffs request that this Court allow the Plaintiffs to present Kristin Zimmer and Bradley Zimmer as witnesses to testify at the trial of this case to the above facts.

7. That, although the Plaintiffs had not previously listed Kristin Zimmer and Bradley Zimmer as witnesses, the Defendants' counsel was aware of them because at her deposition on February 27,

2001, Phyllis Zimmer testified that Kristin was 22 years old and Bradley was 20 years old, that Bradley lived at 6446 Tennessee Avenue and that Kristin used to live there. (Phyllis Zimmer deposition, p. 12.)

8. That on June 27, 2002, this Court allowed the Defendants to list Thomas Good as a witness over nine months after the close of nonexpert discovery.

9. That granting this motion will not cause a delay of trial or of the presentation of the Pretrial Order because the Plaintiffs listed Kristin Zimmer and Bradley Zimmer as witnesses in the Pretrial Order.

10. That the Plaintiffs will make arrangements for Kristin Zimmer and Bradley Zimmer to travel to the offices of counsel for the Defendants on a date convenient to counsel for the Defendants for deposition.

WHEREFORE, for the above and foregoing reasons, the Plaintiffs, Plaintiffs, GRACE OLECH, and PHYLLIS S. ZIMMER, as Independent Executor of the Estate of Thaddeus F. Olech, respectfully request this Court to enter an order granting the Plaintiffs leave to supplement the Plaintiffs' answers to interrogatories by identifying Kristin Zimmer and Bradley Zimmer as witnesses, to allow them to be identified on the Pretrial Order as witnesses, to allow the Defendants to take their depositions, and granting the Plaintiffs, and each of them, such other and further relief as is proper and just in the premises.

JOHN R. WIMMER
Attorney at Law
928 Warren Avenue
Downers Grove, Illinois 60515
(630) 810-0005
Attorney No. 03125600

Respectfully submitted,

*John R. Wimmer*
John R. Wimmer