IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACE OLECH, and PHYLLIS S. ZIMMER, as Independent Executor of the Estate of Thaddeus F. Olech, Decedent,<br><br>    Plaintiffs,<br><br>    -vs-<br><br>VILLAGE OF WILLOWBROOK, an Illinois municipal corporation, GARY PRETZER, individually and as President of Defendant VILLAGE OF WILLOWBROOK, and PHILIP J. MODAFF, individually and as Director of Public Services of Defendant VILLAGE OF WILLOWBROOK,<br><br>    Defendants. | No. 97 C 4935<br><br>Magistrate Judge Schenkier |

FILED
AUG 29 2002
MAGISTRATE JUDGE SIDNEY I. SCHENKIER
UNITED STATES DISTRICT COURT


DOCKETED
SEP 03 2002

## FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed.R.Civ.P. ("Rule") 16, and John R. Wimmer of the Law Offices of John R. Wimmer, 928 Warren Avenue, Downers Grove, Illinois 60515, (630) 810-0005, having appeared as counsel for the plaintiffs; and James L. DeAno of Norton, Mancini, Weiler & DeAno, 109 North Hale Street, P.O. Box 846, Wheaton, Illinois 60189, (630) 668-9440, having appeared as counsel for the defendants, the following materials were submitted and are attached to and made a part of this Order:

(1) <u>Jurisdiction.</u> A statement of the basis alleged for the Court's jurisdiction and, if jurisdiction is disputed, the nature and basis of the dispute.

(2) <u>Case Statement.</u> A concise joint statement of the case,



which includes the names of the parties and the attorneys who will be representing them at trial; the nature of the case; the claims, counterclaims and cross-claims; and the defenses raised to those claims. In a jury case, this statement will be read to the jury during *voir dire*.

(3) Stipulations. A statement of any stipulations reached by the parties.

(4) Witness Lists. Separate lists for plaintiff and defendant providing names and addresses of witnesses, including experts, divided into the following three categories: (a) witnesses who *will* be called to testify at trial; (b) witnesses who *may* be called to testify at trial; and (c) witnesses whose testimony will be presented by deposition or other prior testimony (indicating whether the presentation will be by transcript or video). In a jury case, these lists will be read to the jury during *voir dire*.

*All expert witnesses who will or may be called must be included on the witness list.* No more than one expert will be permitted to testify on a subject for any party. In the event that any party identifies more than one expert witness, a brief statement of the topic of each expert's testimony must be provided.

All objections to the calling of any witnesses, and the reasons for the objections, must be stated in the pretrial order. For witnesses who will be presented by deposition or other prior testimony, the pretrial order must include for each such witness a chart containing the following information: (a) the testimony that each side seeks to present, by page and line; (b) a concise statement of objections to any testimony and the basis for the

- 2 -

objection; and (c) a concise statement of the asserted basis of admissibility.

(5) <u>Exhibit Lists.</u> Lists of the trial exhibits (including demonstratives, summaries or other specially prepared exhibits), which are to be prepared in the following manner:

A list of any joint exhibits, which states: (a) the exhibit number for the document (preceded by "JX"); (b) the date of the document; and (c) a brief description of the document.

Separate lists of plaintiff's and defendant's exhibits, which each state: (a) the exhibit number for the document (preceded by "PX" for plaintiff's exhibits and "DX" for defendant's exhibits); (b) the date of the document; (c) a brief description of the document; (d) whether there is an objection to admission of the document, and, if so, a concise statement of the basis for the objection (e.g., Rule 402 - relevance; Rule 403 - undue prejudice or confusion); and (e) a concise statement of the asserted basis of admissibility.

(6) <u>Estimate of Trial Time.</u> A statement of whether the case will be a bench trial or jury trial, and a realistic estimate--*in numbers of hours*--of the length of the trial.

(7) <u>Damage Itemization.</u> An itemization of damages and other relief sought.

(8) <u>Motions *In Limine*.</u> A list of the titles of all motions *in limine* filed by each party. The actual motions *in limine* are not to be bound with the final pretrial order, but must be submitted separately in open court at the time the final pretrial order is presented. *The parties are reminded that the Court's Case Management Procedures require compliance with Local*

- 3 -

*General Rule 12(k)* before filing any motions, including motions in *limine*. Unless otherwise ordered, the responses to all motions *in limine* will be due fourteen (14) calendar days after the date the final pretrial order is filed; no replies will be permitted.

This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.

Date: 08-29-02

_____
United States Magistrate Judge

_____
Attorney for Plaintiffs

_____
Attorney for Defendants

# SEE CASE FILE FOR EXHIBITS