# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4935 | **DATE** | 10/10/2002 |
| **CASE TITLE** | Grace Olech, *et al.* vs. Village of Willowbrook, *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Defendants' objections to plaintiffs' exhibits nos. 25, 26, 36, and 37 are SUSTAINED. Defendants' objections to plaintiffs' exhibits nos. 4, 5 and 50 are OVERRULED. Defendants' objections to plaintiffs' exhibits nos. 6, 8, 29, 34, 45 and 48 will be reserved for trial. Plaintiffs' objections to defendants' exhibits nos. 3, 9-15, 18, 21 are OVERRULED. Plaintiffs' objections to the second page of defendants' exhibit no. 20 and the first page of defendants' exhibit no. 23 will be reserved for trial; the balance of those exhibits are admitted. Plaintiffs' objection to defendants' exhibit no. 8 on grounds of relevance will be reserved for trial. Defendants' motion to bar Thomas Good as a witness is denied. Defendants' motion to bar Kristin and Bradley Zimmer as witnesses is denied; and the objections to certain designated deposition testimony of Donald Eddy are sustained in part and overruled in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | OCT 11 2002 date docketed | 91 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 10/10/2002 date mailed notice | |
| JJK | courtroom deputy's initials | | JJK777 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRACE OLECH, and PHYLLIS S. ZIMMER, as Independent Executor of the Estate of THADDEUS F. OLECH, Decedent, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 97 C 4935 |
| vs. | ) ) | Magistrate Judge Schenkier |
| VILLAGE OF WILLOWBROOK, an Illinois municipal corporation, GARY PRETZER, individually and as President of Defendant, Village of Willowbrook, and PHILIP J. MODAFF, individually and as Director of Public Services of Defendant, Village of Willowbrook, | ) ) ) ) ) ) ) ) | DOCKETED OCT 11 2002 |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on objections that the parties have raised to certain trial exhibits, witnesses whom each party wishes to have testify at trial, and certain portions of the testimony of one witness who will be presented by deposition at trial. The Court's rulings on these objections are set forth below.

**I.**

The defendant has objected to plaintiffs' exhibits nos. 4-6, 8, 25-26, 29, 34, 36-37, 45, 48, and 50. The plaintiff has objected to defendants' exhibits nos. 3, 8-16, 18-21 and 23. We address these objections in turn.

**A.**

**Plaintiffs' Exhibit No. 4-5**: These exhibits are two letters from Bernard Oglietti, Village Administrator for the Village of Willowbrook, to John Kucera, dated January 5, 2001 (PX 4) and January 29, 2001 (PX 5), concerning a request by Mr. Kucera to be connected to the Village water supply. The defendant objects to these exhibits on the grounds that they are irrelevant, would be improper evidence of subsequent remedial measures, and would create unfair prejudice that would substantially outweigh any probative value. Fed. R. Evid. 402, 407, and 403. Plaintiffs argue that evidence of the Village's dealings with Mr. Kucera in connection with his effort to connect to the Village water supply is relevant to show that the plaintiffs were treated differently than similarly situated people in the Village, and that this evidence is neither unfairly prejudicial nor improper subsequent remedial measures evidence. For the reasons set forth in the Court's separate ruling issued today denying defendants' motion in *limine* to exclude evidence of the Kucera request for connection to the Village water supply, these objections are overruled and plaintiffs' exhibits nos. 4 and 5 will be admitted.

**Plaintiffs' Exhibits Nos. 6 and 8**: These exhibits are copies of newspaper articles discussing earlier litigation between the plaintiffs and the Village ("the storm water drainage litigation"). The defendants object to admission of these newspaper articles on grounds of relevance, Fed. R. Evid. 402, and that the articles would create unfair prejudice and the specter of a mini-trial on the issues raised in the storm water drainage litigation, and thus should be excluded under Fed. R. Evid. 403. Plaintiffs argue that the evidence is relevant to show ill will, and that there is no risk of unfair prejudice or jury confusion. In a separate ruling issued today, the Court has granted the defendants' motion in *limine* to bar evidence of the outcome of the storm water drainage litigation. However,

evidence of the pendency of that litigation, and the Village's reaction to that litigation, surely is relevant to the questions of ill will. In the Court's view, this evidence will not lead to unfair prejudice or a confusion of the issues. Thus, the particular newspaper articles offered as exhibits which discuss the litigation would be admissible to the extent that defendants were aware of the articles, and took umberage at them. However, rather than rely on one side's representation about what witnesses said about these article in depositions (the deposition testimony has not been supplied to us), the Court will reserve ruling on the relevance of plaintiffs' exhibits nos. 6 and 8 for trial.

**Plaintiffs' Exhibit No. 25**: This is a memorandum dated February 3, 1992, from John Fay, the Director of Community Development for the Village to various Village officials, including John Lossin, concerning the storm water drainage litigation between plaintiffs and the Village. Plaintiffs offer this exhibit principally to show that the Mr. Lossin had authority to make certain statements that plaintiffs allege he made (and that Mr. Lossin denies making) concerning the Village's attitude toward plaintiffs as a result of that litigation. However, in a separate ruling issued today, the Court has granted the defendants' motion in *limine* to exclude evidence of the alleged statements by Mr. Lossin; therefore, plaintiffs' exhibit no. 25 is not admissible for that purpose. Plaintiffs also argue that the exhibit is relevant to show that various public officials from the Village were personally involved in the storm water drainage litigation. However, there is no serious dispute that the public officials in question were aware of (or, in some instances, involved in) the storm water drainage litigation; the only dispute is whether that litigation led to ill will which motivated the Village's actions with regard to the plaintiffs' effort to connect to the Village water supply in 1995. On that issue, this exhibit is not relevant. The objection to plaintiffs' exhibit no. 25 is therefore sustained.

**Plaintiffs' Exhibit No. 26**: This is a page of undated handwritten notes by Mr. Fay, concerning the storm water drainage litigation. Defendants object to this exhibit on grounds of relevance and unfair prejudice. The only theory of relevance asserted by plaintiffs is that the document shows Mr. Fay's knowledge and personal involvement in that litigation. For the reasons stated in connection with plaintiffs' exhibit no. 25, we do not perceive that to be a fact in issue; and we do not see how the letter otherwise bears on the issue of intent. We therefore sustain the objection to plaintiffs' exhibit no. 26.

**Plaintiffs' Exhibit No. 29**: This exhibit is an undated set of plans for a water main extension. The defendants object to admission of this exhibit on grounds of relevance. We will reserve ruling on this exhibit for trial.

**Plaintiffs' Exhibit No. 34**: This is a letter dated July 30, 2001 from Carl Goldsmith, the Village's Director of Public Services, to Ms. Zimmer in 2001 concerning a request by Ms. Zimmer that the Village discontinue maintenance of certain properties in Willowbrook. Defendants object to this exhibit on grounds of relevant and unfair prejudice, and argue that it would be cumulative evidence (although of what they do not say). Plaintiffs argue that the exhibit is relevant to impeach certain testimony that Mr. Gorski (an attorney for the Village) gave in his deposition, and that they expect him to repeat at trial. If in fact the exhibit would impeach Mr. Gorski, the Court finds it difficult to see why that would be unfairly prejudicial under Rule 403 or would be cumulative evidence. However, the Court cannot determine in advance whether this exhibit will impeach testimony that Mr. Gorski has not yet given at trial. Accordingly, the Court reserves ruling on the admissibility of plaintiffs' exhibit no. 34 for trial.

**Plaintiffs' Exhibits Nos. 36-37**: These documents are an August 16, 1989 memorandum from the Mr. Fay to various Village officials (PX 36) and an August 14, 1989 letter from Mr. Fay to Mr. Gorski and Mr. Bianchi of Intergovernmental at Risk Management Agency (PX 37) concerning the filing of the complaint in the storm water drainage litigation. Defendants object to these exhibits on grounds of relevance and unfair prejudice, and on the ground that they are cumulative. Plaintiffs offer these exhibits as evidence to support their claim that the defendants acted out of ill will – but neither exhibit contains any statements that reflect ill will. Plaintiffs argue that the exhibits show the involvement and knowledge of certain Village officials with respect to the storm water drainage litigation. However, as explained above, that is not a matter in dispute. The plaintiffs also argue that these exhibits are relevant to show the bias and motive of one of the defendants' witnesses, David Van Vooren, because it shows that he was Risk Manager for the Village at the time of the storm water litigation (actually, one exhibit identifies Mr. Van Vooren as the Risk Manager (PX 36), and the other as the Director of Public Services (PX37)). But, there is no indication that Mr. Van Vooren or others in the Village will deny that Mr. Van Vooren was a public official within the Village at the time the storm water drainage litigation was filed, and knew of the litigation; and nothing in these letters provides evidence of bias or motive. Accordingly, the objections to plaintiffs' exhibits nos. 36 and 37 are sustained.

**Plaintiffs' Exhibit No. 45**: This is a July 15, 1987 letter from Mr. Van Vooren to Ms. Zimmer. The defendants object to admission of this exhibit on grounds of relevance and unfair prejudice. Plaintiffs assert that this exhibit is relevant to impeach the testimony of Mr. Van Vooren. Accordingly, we will reserve for trial the admissibility of plaintiffs' exhibit no. 45.

**Plaintiffs' Exhibit No. 48**: This exhibit is a July 17, 2001 letter from Ms. Zimmer to Mr. Goldsmith, then the Village's Director of Public Services. This is the letter that prompted the responsive letter that has been offered as plaintiffs' exhibit no. 34. As with plaintiffs' exhibit no. 34, we will reserve the question of admissibility of plaintiffs' exhibit no. 48 for trial.

**Plaintiffs' Exhibit No. 50**: This exhibit is a photograph of a water pipe installation in Hinsdale, Illinois that occurred in January 2001. Defendants object to this exhibit on grounds of relevance and unfair prejudice. Plaintiffs offer this exhibit to show that water pipes can be installed in the winter, and thus to contradict the Village's position that the delay in connecting the plaintiffs to the Village water service was due in some measure to inclement winter weather. Defendants argue that the photograph does not show installation of a water main but rather of a service line from a water main to a home, and that that is significant because water pipes are of a smaller diameter than water mains. However, defendants have offered no evidence as to why the diameter of the pipe being installed makes a difference as to whether the installation can take place in the winter. Accordingly, the objection is overruled, and plaintiffs' exhibit no. 50 will be admitted.

### B.

**Defendants' Exhibit No. 3**: This is a September 19, 1995 memorandum from Mr. Fay to Tom Burn, the Village Public Services Superintendent concerning sanitary sewer extension for certain property in the Village. Plaintiffs object to this exhibit on the ground of relevance. The defendants argue that this exhibit is relevant to a disputed fact issue: namely, whether a 33-foot dedication of property was a condition of the Village issuing a permit for that sanitary sewer connection. We agree with this theory of relevance, and thus overrule the objection; defendants' exhibit no. 3 is admitted.

**Defendants' Exhibits Nos. 8-16**: These exhibits all consist of various billing statements to the Village from the law firm of Gorski & Good between May 1995 and January 1996. Defendants' objection to all of these exhibits is unfair prejudice, because the documents were not disclosed until after the conclusion of discovery.

In an order dated June 27, 2002, this Court granted defendants' motion to allow defendants to identify as a witness Mr. Good, one of the lawyers involved in dealing with plaintiffs' request to connect to the Village water supply, and required that documents reflecting work by the law firm be produced by July 15, 2002 and that Mr. Good be produced for deposition at a mutually agreed time thereafter. In part as a result of this late disclosure, the Court extended the date for filing the pretrial order to August 29, 2002. Documents were produced, and Mr. Good was deposed on August 1, 2002. Given that plaintiffs had these exhibits and the deposition of Mr. Good nearly one month before the pretrial order was filed and nearly three months before trial, the Court finds that plaintiffs would suffer no unfair prejudice from the admission of these exhibits. Accordingly, the objection to these exhibits based on the timing of their production is overruled.

The only other objection that is made to any of these exhibits is with respect to defendants' exhibit no. 8, which on its face indicates that it is an invoice from the law firm to the Village concerning something other than the plaintiffs' request for a connection to the Village water service. Accordingly, we will reserve ruling of the admissibility of defendants' exhibit no. 8 for trial; defendants' exhibits nos. 9-16 will be admitted.

**Defendants Exhibits Nos. 18-21**: These exhibits all are various memoranda concerning the request by the Arabian Nights Horse Farm for a sanitary sewer connection in 1994 and 1995. The plaintiffs object to these exhibits on the ground of relevance. Defendants argue that these exhibits

7

are relevant to show that the Village sought and obtained a 33-foot dedication from the horse farm as a condition for issuing a permit for the sanitary sewer connection, which is a point that plaintiffs dispute. The Court agrees that these exhibits are relevant to show the conduct with respect to the issuance of a permit for installation of the sanitary sewer connection, and thus overrules the relevance objections.

Additionally, plaintiffs assert a hearsay objection to the second page of defendants' exhibit no. 20, which is one page of a letter which the defendants claim is admissible as a business record (Fed. R. Evid. 803(6)) or a public record (Fed. R. Evid. 803(a)). However, the Court has been offered no foundation to show that the second page to defendants' exhibit no. 20 meets either the business record or public record exception to the hearsay rule. The first page defendants' exhibit no. 20 does not refer to any attachment, and the one page that is attached appears to be an incomplete portion of a letter. Accordingly, the Court reserves for trial the hearsay objection to the second page of defendants' exhibit no. 20; defendants' exhibits nos. 18, 19, 20 (the first page only) and 21 are admitted.

**Defendants' Exhibit No. 23**: This exhibit is a January 4, 1996 memorandum from Mr. Modaff the Director of Public Service of the Village to the President and the Board of Trustees of the Village, which enclosed a resolution concerning the plaintiffs' request for connection to the Village water service. Plaintiffs object only to the cover page of the exhibit (and not the attachment) on the ground of hearsay. Defendants assert that the first page is admissible under the hearsay exceptions for business or public records. The Court will reserve ruling on admissibility of the cover page of defendants' exhibit no. 23 for trial; the balance of defendants' exhibit no. 23 is admitted without objection.

8

**II.**

Each side has posed objections to witnesses who were not disclosed during discovery. The plaintiffs object to the defense calling Mr. Good as a witness. As stated above, Mr. Good was disclosed as a possible witness in late June 2002, and the plaintiffs deposed Mr. Good on August 1, 2002. Plaintiffs will not be unfairly prejudiced by allowing Mr. Good to testify. Accordingly, the objection to defendants calling Mr. Good as a witness is overruled.

In a similar vein, defendants object to plaintiffs calling Kristin Zimmer and Bradley Zimmer as witnesses because they were not disclosed during discovery. On August 29, 2002, at the time the final pretrial order was filed, the Court granted plaintiffs' motion to add those two individuals to the witness list, and permitted the defendants to depose them if they wished to do so. In the these circumstances, the Court sees no unfair prejudice that defendants would suffer by the belated disclosure of these two individuals as witnesses. Accordingly, the objections to Kristin and Bradley Zimmer being called as witnesses is overruled.

**III.**

Finally, the Court addresses certain objections made to the designation of deposition testimony of Donald Eddy, whose testimony will be presented by deposition at trial. The Courts rulings on objections are as follows:

**Page 6, Lines 14-24; Page 11, Lines 20-24**: Plaintiffs' relevance objection to this testimony is overruled.

**Page 23, Lines 10-12; Page 23, Line 21-Page 24, Line 11; Page 24, Line 15-Page 25, Line 2; Page 25, Lines 5-6, 8, 12-22; Page 45, Line 22-Page 47, Line 1**: The defendants' objection to this testimony is sustained. Plaintiffs offer this testimony is offered to show that the defendants had

9

ill will toward the plaintiffs as a result of the storm water drainage litigation. In this testimony, Mr. Eddy stated at some point he had a conversation with Mr. Fay in which Mr. Fay did not state that he or anyone in the Village had animosity against the plaintiffs, but that Mr. Fay detected "exasperation more than anything else" about the storm water drainage litigation. However, Mr. Eddy did not recall when the conversation took place (which means it is not clear that he had this conversation at or prior to the time that the plaintiffs here requested the water main extension), he did not know who was present for the conversation, and he did not know where the conversation took place (*see* pp. 45-46). Mr. Eddy also did not testify as to what specifically Mr. Fay said or did, or what gestures he made, that caused him to "think" that there was "probably exasperation" there. In these circumstances, the Court finds that there is insufficient foundation for this testimony, and thus sustains the objection.

**Page 26, Lines 18-Page 27, Line 21; Page 28, Lines 4-5, 9-10, 16-17; Page 30, Line 19-Page 31, Line 6:** Plaintiffs object to this testimony that defendants have designated concerning conversations that Mr. Eddy said he might have had with Ms. Olech or Ms. Zimmer concerning the size of an easement that would be needed to connect them to the Village water service. Mr. Eddy's testimony makes it clear that he does not recall whether in fact he had such a conversation with the plaintiffs. Accordingly, Mr. Eddy's testimony about whatever he would or should have told the plaintiffs if, in fact, he had such a discussion with them is inadmissible speculation. Moreover, to the extent that the defendants seek to offer on a free-standing basis Mr. Eddy's opinion about the need for a 33-foot dedication, defendants will not be allowed to do so because Mr. Eddy has not been identified as an expert. Accordingly, the objections to these designations are sustained; as a result,

plaintiffs' conditional counter-designations of testimony at page 38, lines 14-18, page 39, line 19 through page 40, line 2 are withdrawn and will not be read to the jury.

**Page 53, Lines 10-19; Page 54, Lines 12-18 and 21; Page 61, Line 20-Page 62, Line 6:** Defendants object to these designations of Mr. Eddy's testimony concerning whether a dedication of right of way was a condition for a permit for the extension of the sanitary sewer line to the Arabian Nights Horse Farm. Defendants object on the basis of lack of foundation. Defendants argue that there is lack of foundation for that testimony. However, Mr. Eddy testified that he was a consulting engineer on the project (see page 55), and was involved in its design (see page 57). The Court believes that this testimony shows sufficient foundation for Mr. Eddy's testimony; the defendants, of course, were free to designate (and did designate) other portions of Mr. Eddy's testimony that they believed shows his testimony on this point was in error.

**Page 56, Lines 4-14:** Plaintiffs object to this designation, which also deals with Mr. Eddy's testimony concerning whether the Village required a dedication as part of the sanitary sewer extension for the Arabian Horse Farm. Plaintiffs object to this testimony on grounds of lack of foundation and improper expert testimony. However, this testimony is part of a piece of the same sequence of testimony that plaintiffs themselves designated (see Page 56, Line 15 through 57, Line 2 and Page 57, Lines 5-7 and 9-11). These objections are overruled.

## CONCLUSION

For the reasons set forth above:

1. Defendants' objections to plaintiffs' exhibits nos. 25, 26, 36, and 37 are SUSTAINED; those exhibits will be excluded;

2. Defendants' objections to plaintiffs' exhibits nos. 4, 5 and 50 are OVERRULED; those exhibits will be admitted;

3. Defendants' objections to plaintiffs' exhibits nos. 6, 8, 29, 34, 45 and 48 will be reserved for trial;

4. Plaintiffs' objections to defendants' exhibits nos. 3, 9-15, 18, 21 are OVERRULED; those exhibits will be admitted;

5. Plaintiffs' objections to the second page of defendants' exhibit no. 20 and the first page of defendants' exhibit no. 23 will be reserved for trial; the balance of those exhibits are admitted;

6. Plaintiffs' objection to defendants' exhibit no. 8 on grounds of relevance will be reserved for trial;

7. Defendants' motion to bar Thomas Good as a witness is denied;

8. Defendants' motion to bar Kristin and Bradley Zimmer as witnesses is denied; and

9. The objections to certain designated deposition testimony of Donald Eddy are sustained in part and overruled in part as set forth above.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: October 10, 2002**