UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MICHAEL D. HENDERSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | 05 C 0069 |
|  | ) | Judge George M. Marovich |
| CHICAGO BOARD OF EDUCATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Michael D. Henderson ("Henderson") filed a complaint against defendant Chicago Board of Education (the "Board"). The Board has moved pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of jurisdiction. Henderson has moved to strike defendant's motion, to transfer venue to the Circuit Court of Cook County and for leave to file an amended complaint. For the reasons set forth below, the Court denies defendant's motion to dismiss, denies plaintiff's motion to strike, denies plaintiff's motion to transfer venue and grants plaintiff's motion for leave to file an amended complaint.

### I. Background

As the defendant has put forth no *evidence* which questions the Court's jurisdiction, the Court will, for purposes of the defendant's Rule 12(b)(1) motion, "accept all of the well-pleaded factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff." *Patel v. City of Chi.*, 383 F.3d 569, 572 (7th Cir. 2004); *Bastien v. AT&T Wireless Services, Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).

Henderson has worked for the Board at various times and in various capacities over a number of years, beginning as a teacher in February 1998. By February 1994, Henderson worked

for the Board on a day-to-day basis as a substitute teacher. On May 17, 2004, Henderson had a disagreement with the Principal of the school where he was serving as a substitute teacher for the day. Shortly thereafter, Henderson was summoned by the Chicago Public Schools' Office of Labor and Employee Relations to an investigatory conference regarding allegations that he was belligerent and threatening toward the Principal on May 17, 2004. A union representative represented Henderson at the investigatory conference. According to Henderson's complaint, the union representative did "questionable" things at the conference, which questionable things included telling Henderson he would be lucky not to lose his job and telling the hearing officer that he had earned his pay that day. On June 17, 2004, Henderson learned that his employment had been terminated.

Henderson felt that the Board violated Article 39-4.3 of the collective bargaining agreement (between the teachers' union and the Board) when it terminated his employment without "good cause." Accordingly, Henderson complained to the teachers' union. On September 13, 2004, the union filed a grievance on behalf of Henderson. Chicago Public Schools denied the grievance on November 29, 2004. Henderson alleges that the union failed to prepare his case for arbitration, failed to do an adequate investigation and committed "random acts of fraud and hostility."

The Board has moved to dismiss plaintiff's complaint for lack of jurisdiction. Henderson has filed motions (1) to strike the Board's motion to dismiss, (2) to transfer venue and (3) to amend his complaint.

## II. Discussion

### A. Defendant's Rule 12(b)(1) motion.

The Board moves to dismiss Henderson's complaint on the grounds that the Court lacks jurisdiction.[1] The Board notes that Henderson's complaint explicitly seeks a remedy for breach of an "implied contract" of "good cause" dismissal. The complaint also states that it is filed "under the common law of Illinois for tortious interference with contractual relationship."

Federal courts are courts of limited jurisdiction. Some cases–no matter how meritorious–simply cannot be brought in federal court. Since both Henderson and the Board are citizens of Illinois, Henderson cannot rely on diversity as a basis for jurisdiction. *See* 28 U.S.C. § 1332. Rather, in order to establish jurisdiction, Henderson must allege a claim arising under the Constitution or federal statutes. *See* 28 U.S.C. § 1331. Such federal question jurisdiction arises "when the complaint standing alone 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003). When the claim and jurisdiction are based on a federal statute, the Court has jurisdiction over the claim so long as the allegations are not frivolous or obviously devoid of merit; the allegations need not be sufficient to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *See Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933);

---

[1] Henderson moved to strike defendant's motion on the grounds that the motion was not timely filed. Because defendant filed its motion on time, the Court denies Henderson's motion to strike.

*EEOC v. The Chicago Club*, 86 F.3d 1423, 1428-29 (7th Cir. 1996); *Health Cost Controls v. Skinner*, 44 F.3d 535, 537-38 (7th Cir. 1995).

Despite the Board's argument, the Court concludes that plaintiff's complaint reflects a cause of action arising under federal law. The Board is correct that if Henderson's complaint alleged only a breach of contract (implied or otherwise) or tortious interference with contract, this Court would not have jurisdiction over the case because those claims are state law claims. In considering whether a complaint alleges a federal cause of action, however, the Court does not rely on the labels or legal theories a plaintiff lists in his complaint. The plaintiff need not state what the legal theory is, he is merely required to "narrate a *claim*." *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997). Furthermore, a district court "looks past the surface allegations to make its own assessment of what law the claim arises under." *International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir. 2001). In addition, because Henderson filed his suit *pro se*, the Court will liberally construe his complaint. *Greer v. Board of Ed. of the City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001). The Court has reviewed plaintiff's complaint with these principles in mind and concludes that it has jurisdiction over Henderson's claim because the contract Henderson claims was breached is a collective bargaining agreement.

Pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, federal courts have jurisdiction over claims for breach of a collective bargaining agreement. *See* 29 U.S.C. § 185. In order for an employee (or former employee) to prevail on a claim for breach of a collective bargaining agreement, however, the employee must also establish that the union breached its duty of fair representation. As the Supreme Court explained:

> The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both. The suit is thus not a straightforward breach of contract suit under § 301 . . . but a hybrid § 301/fair representation claim.

*DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 165 (1983). A breach of the duty of fair representation occurs when the union representing an employee in a grievance proceeding acts in a sufficiently "discriminatory, dishonest, arbitrary or perfunctory fashion." *DelCostello*, 462 U.S. at 164.

Henderson's complaint allegations are sufficient to establish the existence of a substantial federal claim.[2] First, Henderson alleges that the Board breached Article 93-4.3 of a collective bargaining agreement. Second, Henderson includes allegations reflecting a possible breach of the duty of fair representation. Henderson alleges the union filed a grievance on his behalf but clearly complains about the way the union handled the grievance. Henderson alleges that the union representative "did some questionable things before and at the hearing." Henderson further alleges that the "union committed random acts of fraud, hostility, and did not do an adequate investigation."

Regardless of the labels Henderson attached to his complaint, his complaint allegations are sufficient to confer subject-matter jurisdiction. Because the Court has jurisdiction over this case, it will consider the other pending motions.

---

[2]The Court makes no determination as to whether Henderson has stated a claim upon which relief may be granted, because the only issue before the Court is whether the Court has subject-matter jurisdiction.

## B. Plaintiff's motions

Henderson filed–on the same day–both a motion to amend his complaint and a motion to transfer venue to the Circuit Court of Cook County, Illinois, Civil Division. Since the motions seek contrary relief (one seeks to escape federal court and the other seeks a second chance in federal court), the Court is not sure which route Henderson prefers. (The Court suspects Henderson filed the motions to avoid dismissal for lack of jurisdiction, but the Court will not make assumptions as to how the plaintiff wishes to litigate his case.)

The Court first considers Henderson's motion to transfer venue to the Circuit Court of Cook County. Because Henderson originally filed this suit in federal court, this Court has no authority to transfer it to a state court. Accordingly, the Court denies Henderson's motion to transfer. The Court notes, however, that it is within Henderson's power to dismiss the claims he brought in this federal court and to re-file them in the Circuit Court of Cook County (though a wise plaintiff would be sure to take such action before the applicable statutes of limitation have run). *See* Fed. R. Civ. P. 41(a)(1) ("an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.").

Henderson has also filed a motion to amend his complaint. Henderson's proposed amendment would remove from his complaint the following:

> I believe that this court has jurisdiction over this matter, because the defendant broke two contracts, by unjustly terminating me from my teaching position within the Chicago Public Schools without good cause, and by breaking Article 39-4.3 of the Union members' agreement. Therefore, I am filing this complaint under the common law of Illinois for tortious interference with a contractual relationship.

and replace that text with the following:

> I believe that this court has jurisdiction over this matter, because the plaintiff, is aware of other litigants filing suit in regards to breach of contracts with this court (see Mastrogiovanni vs. Sony Music 03 C 6324). Moreover, the defendant, an Illinois based entity and I am a Illinois citizen and the contract was given to me in the state of Illinois. And this court has jurisdiction over disputes involving breach of contracts in Illinois.

In his motion, Henderson states that he wishes to amend his complaint because in his original complaint, he "mistakenly used the terms tortious interference" when he really wants to sue for "breach of contracts and reckless infliction of emotional distress."

The problem with Henderson's proposed amended complaint is that is does not solve the problem it purports to solve. With respect to jurisdiction, Henderson wants to take out some (though not all) of the language which suggests the existence of federal jurisdiction (e.g., the language about breach of a collective bargaining agreement) and replace it with language that does not. As noted above, this Court does not have jurisdiction over basic breach of contract claims between two citizens of the same state. So, the addition of that language gets Henderson nowhere. Nor is deleting the words "tortious interference" and adding the words "reckless infliction of emotional distress" sufficient to state a claim for infliction of emotional distress where such a claim is not already sufficiently plead. Accordingly, the proposed amendment strikes the Court as unwise.

In any case, the plaintiff does not need the Court's permission to file his proposed amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure states that, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." *See* Fed. R. Civ. P. 15(a). The defendant's motion to dismiss did not

constitute a responsive pleading for purposes of Rule 15(a). *Crestview Village Apts. v. United States Dep't. of HUD*, 383 F.3d 552, 557 (7th Cir. 2004). Plaintiff remains free to file his amended complaint, and his motion is granted.

## III. Conclusion

For the reasons set forth above, the Court denies defendant's motion to dismiss. The Court denies plaintiff's motion to strike defendant's motion. The Court denies plaintiff's motion to transfer venue to the Circuit Court of Cook County. Finally, the Court grants plaintiff's motion for leave to file his amended complaint. If plaintiff chooses to file his amended complaint, his amended complaint must be filed on or before June 3, 2005. Defendant is granted until June 24, 2005 to answer or otherwise plead (to either the amended complaint, if one is filed, or the complaint, if an amended complaint is not filed).

ENTER:

George M. Marovich
United States District Judge

DATED: May 19, 2005